**Greater N.Y. Mut. Ins. Co. v Skout Monitoring, LLC**

2024 NY Slip Op 34250(U)

November 29, 2024

Supreme Court, New York County

Docket Number: Index No. 650539/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

GREATER NEW YORK MUTUAL INSURANCE COMPANY,

Plaintiff,

- v -

SKOUT MONITORING, LLC,CONSOLIDATED TECHNOLOGIES, INC.,

Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650539/2022 |
| **MOTION DATE** | 07/17/2024, 09/27/2024 |
| **MOTION SEQ. NO.** | 006 008 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 186, 213, 214

were read on this motion to _____ SEAL / REDACT _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341

were read on this motion to _____ SEAL / REDACT _____ .

Plaintiff Greater New York Mutual Insurance Company ("GNY") seeks orders sealing

and/or redacting exhibits that were filed in connection with this proceeding as NYSCEF

Document Numbers 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94,

95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114,

115, 116, 117, 118, 120, 121, 155, 156, 158, 160, 162, 164, 166, 168, 169, 171, 173, 175, 177,

and 181 (MS 06); and 188, 190, 191, 192, 193, 194, 195, 197, 198, 199, 200, 201, 202, 203, 204,

205, 206, 216, 218, 219, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 233, 234, 235,

237, 239, 240, 241, 242, 254, 256, 258, 260, 262, 264, 266, 268, 270, 272, 274, 276, 281, 286,

**650539/2022   GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT MONITORING, LLC ET AL**
**Motion No.  006 008**

**Page 1 of 6**

277, 282, 279, 284, 288, 289, 291, 292, 294, 296, 298, 300, 302, 304, 306, 308, 310, 312, 314, 316, 318, 320, 322, 324, 327, 329, 331, 333, and 335 (MS 08). For the following reasons, the motions are **granted in part**.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]).

The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be *narrowly tailored to serve compelling objectives*, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted]).

The Court has reviewed the proposed sealing of the documents filed as NYSCEF document numbers 75, 76, 78, and 155 (MS 06); and 202, 206, 219, 276, 281, 288, and 291 (MS 08), as well as the targeted redactions of the documents filed as NYSCEF numbers 77, 81, 82, 84, 88, 92, 94, 96, 97, 98, 100, 101, 103, 105, 106, 109, 112, 118, 120, 121, 156, 158, 160, 162, 164, 166, 169, 171, 175, and 177 (MS 06); and 188, 190, 191, 192, 193, 194, 195, 197, 198, 199,

**650539/2022   GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT MONITORING, LLC ET AL**
**Motion No.  006 008**

**Page 2 of 6**

200, 201, 203, 204, 216, 218, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 233, 234, 235, 237, 239, 240, 241, 242, 254, 256, 258, 260, 262, 264, 266, 268, 270, 272, 274, 277, 279, 282, 284, 289, 292, 294, 296, 298, 300, 302, 304, 306, 308, 310, 312, 314, 316, 318, 320, 322, 324, 327, 329, 331, 333, and 335 (MS 08), and finds that they comport with the applicable sealing standard as laid out in *Mosallem*, 76 AD3d at 348-50, and its progeny, in that the redacted information contains sensitive and confidential business and financial information. Further, these Exhibits are properly sealed and/or redacted to the extent they contain nonpublic information about confidential contracts or agreements with non-parties (*Mancheski v Gabelli Grp. Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] ["[D]isclosure could impinge on the privacy rights of third parties who clearly are not litigants herein[.]"]).

However, the parties' generalized assertions of good cause as to the documents filed as NYSCEF document numbers 79, 80, 83, 85, 86, 87, 89, 90, 91, 93, 95, 99, 102, 104, 107, 108, 110, 111, 113, 114, 115, 116, 117, 168, 173,[1] and 181[2] (MS 06); and 205 and 286 (MS 08), do not establish a compelling justification for the complete (or functionally complete) sealing that is proposed. While specific *portions* of these documents may include confidential business and

---

[1] With respect to NYSCEF 108 (also uploaded at NYSCEF 173), the document is heavily redacted on the basis of attorney-client privilege, and it appears no proposed targeted redactions are in highlights in the documents. The Court therefore cannot evaluate whether these documents need to be sealed. However, to the extent they constitute only redacted copies of otherwise privileged documents, the Court will not consider sealing them. Only unredacted copies filed to the docket need to be sealed.

[2] NYSCEF 181 appears to be an omnibus document proposing targeted redactions to a variety of the documents sought to be sealed by Defendant Skout Monitoring, LLC ("Skout"). But it is not clear to which document(s) it is intended to correspond, and it is further not clear whether the proposed targeted redactions in NYSCEF 181 differ from the proposed targeted redactions in the other uploaded documents. Furthermore, NYSCEF 181 does not appear on either sealing chart (NYSCEF 151, 180). Accordingly, the Court denies sealing NYSCEF 181 without prejudice to a future motion to seal the unredacted copy and file redacted versions to the docket.

**650539/2022   GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT MONITORING, LLC ET AL**
**Motion No.  006 008**

**Page 3 of 6**

3 of 6

[* 3]

financial information, the proposed sealing is not adequately explained or justified. Thus, the parties should propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law.

Any subsequent motion seeking to address the above concerns should adhere to this Part's Sealing Practices and Procedures (*see* https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/part3-sealing-practices.pdf), including the requirement to submit an affidavit based on personal knowledge attesting to the factual bases for redaction and a spreadsheet setting forth a non-conclusory good faith basis for each proposed redaction.

Accordingly, it is

**ORDERED** that the motions to seal/redact the Exhibits are **granted** insofar as they seek to seal/redact the documents filed as NYSCEF Document Numbers 75, 76, 77, 78, 81, 82, 84, 88, 92, 94, 96, 97, 98, 100, 101, 103, 105, 106, 109, 112, 118, 120, 121, 155, 156, 158, 160, 162, 164, 166, 169, 171, 175, and 177 (MS 06); and 188, 190, 191, 192, 193, 194, 195, 197, 198, 199, 200, 201, 202, 203, 204, 206, 216, 218, 219, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 233, 234, 235, 237, 239, 240, 241, 242, 254, 256, 258, 260, 262, 264, 266, 268, 270, 272, 274, 276, 277, 279, 281, 282, 284, 288, 289, 291, 292, 294, 296, 298, 300, 302, 304, 306, 308, 310, 312, 314, 316, 318, 320, 322, 324, 327, 329, 331, 333, and 335 (MS 08); it is further

**ORDERED** that the motions to seal/redact the Exhibits are **denied** as to the document filed as NYSCEF Document Number 79, 80, 83, 85, 86, 87, 89, 90, 91, 93, 95, 99, 102, 104, 107, 108, 110, 111, 113, 114, 115, 116, 117, 168, 173, and 181 (MS 06); and 205 and 286 (MS 08), without prejudice to filing a new motion within 21 days to **redact confidential** *portions* of this Exhibit consistent with this Decision and Order and applicable case law; it is further

**650539/2022  GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT MONITORING, LLC ET AL**
**Motion No.  006 008**

**Page 4 of 6**

[* 4]

4 of 6

**ORDERED** that the documents filed as 77, 81, 82, 84, 88, 92, 94, 96, 97, 98, 100, 101, 103, 105, 106, 109, 112, 118, 120, 121, 156, 158, 160, 162, 164, 166, 169, 171, 175, and 177 (MS 06); and 188, 190, 191, 192, 193, 194, 195, 197, 198, 199, 200, 201, 203, 204, 216, 218, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 233, 234, 235, 237, 239, 240, 241, 242, 254, 256, 258, 260, 262, 264, 266, 268, 270, 272, 274, 277, 279, 282, 284, 289, 292, 294, 296, 298, 300, 302, 304, 306, 308, 310, 312, 314, 316, 318, 320, 322, 324, 327, 329, 331, 333, and 335 (MS 08) shall remain on the in redacted form; it is further

**ORDERED** that the County Clerk shall maintain the documents filed as NYSCEF Document Numbers 75, 76, 77, 78, 81, 82, 84, 88, 92, 94, 96, 97, 98, 100, 101, 103, 105, 106, 109, 112, 118, 120, 121, 155, 156, 158, 160, 162, 164, 166, 169, 171, 175, and 177 (MS 06); and 188, 190, 191, 192, 193, 194, 195, 197, 198, 199, 200, 201, 202, 203, 204, 206, 216, 218, 219, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 233, 234, 235, 237, 239, 240, 241, 242, 254, 256, 258, 260, 262, 264, 266, 268, 270, 272, 274, 276, 277, 279, 281, 282, 284, 288, 289, 291, 292, 294, 296, 298, 300, 302, 304, 306, 308, 310, 312, 314, 316, 318, 320, 322, 324, 327, 329, 331, 333, and 335 (MS 08) under seal, so that the documents may be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that the documents filed as NYSCEF Document Numbers 79, 80, 83, 85, 86, 87, 89, 90, 91, 93, 95, 99, 102, 104, 107, 108, 110, 111, 113, 114, 115, 116, 117, 168, 173, and 181 (MS 06); and 205 and 286 (MS 08) shall remain provisionally sealed for 21 days from the date of the Court's entry of this Decision and Order on NYSCEF. If any party files a new motion to redact confidential _**portions**_ of the documents consistent with this Decision and Order within that 21-day period, the documents shall remain provisionally sealed pending resolution of that motion. If no such motion is filed within 21 days from the entry of this Decision and Order,

**650539/2022   GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT MONITORING, LLC ET AL**
**Motion No.  006 008**

**Page 5 of 6**

5 of 6

the parties shall alert the County Clerk that the motion to seal the above-referenced documents have been denied by the Court and that the documents should be unsealed on NYSCEF; it is further

ORDERED that nothing in this Decision and Order shall be construed as sealing documents or testimony to be admitted at trial; it is further

ORDERED that, as it relates to future submissions that contain subject matter that the court has authorized to be sealed by this Decision and Order which are made by any party, **the parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in sealed and/or redacted form on NYSCEF**, provided that an unredacted copy of any document is contemporaneously filed with a request to seal.

This constitutes the Decision and Order of the Court.

20241129134742JMCOHENED4A4B2A36AF431D835B3FB42D4AD477

_____
**11/29/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650539/2022   GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT MONITORING, LLC ET AL**
**Motion No.  006 008**

**Page 6 of 6**

6 of 6